UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID HOOTEN and DONNA HOOTEN,

     Plaintiffs,

vs.                                                    CIV 00-984 KBM/LCS

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PARTIAL SUMMARY JUDGMENT

THIS MATTER came on for consideration of the Motion for Summary Judgment on Issue of Statutory Offset of Liability Payments Against Class I Uninsured/Underinsured Motorist Coverage *(Doc. 16)*, filed on February 5, 2001 by Defendant Progressive Casualty Insurance Company ("Progressive"). Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

### Background

While operating a vehicle owned by the City of Hobbs, Plaintiff David Hooten was injured when he collided with a vehicle owned and driven by Edwin Arnold. It is undisputed that the following three insurance policies were in place:

(1)  The Arnold vehicle was insured with Western Agricultural Insurance Company ("Western") for bodily injury liability coverage of $25,000 per person/$50,0000 per accident.  I will refer to this as the "tortfeasor's" policy;

(2)  Plaintiff Hooten had his own "Class I"[1] automobile insurance policy with Defendant Progressive which provided uninsured/underinsured motorist ("UIM") coverage of $50,000; and

(3)  The City of Hobbs' vehicle was insured with Scottsdale Insurance Company ("Scottsdale") for UIM coverage with a $100,000 bodily injury limit.  Because Plaintiff's insured status on this policy arose because he was an occupant of the insured vehicle, Scottsdale is a "Class II" insurer.

The present motion for summary judgment requires the Court to address Defendant Progressive's contention that it is entitled as a matter of New Mexico law to the statutory offset provided by N.M. STAT. ANN. § 66-5-301(B).  As the New Mexico Supreme Court has stated,

> Section 66-5-301(B) limits the insured's recovery to the amount of uninsured motorist coverage purchased for his or her benefit – assuming the insured's damages exceed the amount of that coverage – a person will be underinsured only 'when the aggregate of the insured's uninsured motorist coverage reduced by the tortfeasor's liability coverage is greater than zero.'  Thus offset is required to ensure that the insured does not receive payment from his or her insurer greater than the coverage purchased.

*Samora*, 119 N.M. at 470 (1995), *quoting Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 223 (1985).

---

[1]  Class I insureds include "the named insured, the spouse, and those relatives that reside in the household[,] . . . Class II insureds are insured by virtue of their passenger status in an insured vehicle."  *Tarango v. Farmers Ins. Co. of Arizona*, 115 N.M. 225, 226 (1993).

It is undisputed that Western settled with the Hootens for the $25,000 liability limit. Scottdale also settled with the Hootens. With regards to that settlement, Plaintiffs contend that

> [a] settlement of $75,000 was made between the Hootens and Scottsdale. There was an offset of $25,000 for the amount previously received under the Western Agricultural policy. There was no specification in the settlement as to whether the offset was contractual or statutory.

*Plaintiffs' Response at 4*. Defendant Progressive maintains, however, that the offset taken by Scottsdale was purely contractual in nature and not a result of the statutory offset required by Section 66-5-301(B). In support of this proposition, Progressive attached a copy of the Scottsdale Insurance City of Hobbs Uninsured Motorist Coverage as Exhibit 5.

Plaintiff has come forward with no evidence to dispute that the Scottsdale contract of insurance at paragraph (D)(3) specifically provides that the insurer "will not make a duplicate payment under this coverage for any element of 'loss' for which payment has made by or for anyone who is legally responsible."[2] Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Upon such a showing,

> [the] adverse party may not rest upon the mere allegations or denials of the [movant's] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, <u>must set forth specific facts showing that there is a genuine issue for trial</u>. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id.* (emphasis supplied).

---

[2] Such a contractual offset is permissible as to a Class II insured under New Mexico law. *See Samora v. State Farm Mut. Auto. Ins. Co.*, 119 N.M. 467, 470 (1995) (Class II insurer's contractual offset provision "is valid and enforceable and is not in violation of public policy").

Progressive filed for summary judgment and met its burden of producing evidence that demonstrates that the Scottsdale offset was contractual in nature. Because Plaintiff has merely alleged that the offset taken by Scottdale was based upon the statutory offset and provided no evidence to rebut Progressive's evidentiary showing, the Court must find the Scottsdale offset to be contractual as a matter of undisputed fact.[3]

Moreover, in *Samora*, the New Mexico Supreme Court held that it is the Class I insurer that is entitled to the statutory offset mandated by N.M. STAT. ANN. § 66-5-301(B). As the *Samora* court stated,

> [o]ur determination is consistent with the second part of Section 66-5-301(B), which refers to the "insured's" UIM coverage, and, therefore, necessarily refers to the injured party's insurance company, the Class I insurer. Applying the statutory offset to this case, the $25,000 in UIM coverage provided by Samora's State Farm policy is completely offset by the $50,000 paid to him by American States. According to the definition of Section 66-5-301(B), the negligent driver was not underinsured because the negligent driver's liability coverage of $50,000 exceeded Samora's UIM coverage of $25,000. *See Schmick*, 103 N.M. at 223, 704 P.2d at 1098. Therefore, Samora was not entitled to any additional payment from State Farm.

*Samora v. State Farm Mutual Ins. Co.*, 119 N.M. 467, 470 (1995).

The Hootens assert that certain regulations promulgated in 1997 by the New Mexico State Corporation Commission, Department of Insurance, were intended to "prevent the double offset injustices which flowed from the *Samora* decision." *See Plaintiffs' Response at 4-5* (citing 13 NMAC 12.3.3, 17.6.3 and 17.6.3.1). Yet Plaintiff has presented no evidence in support of that

---

[3] Even if Plaintiff could establish to the contrary, the Court doubts that a "material" issue of fact would be in dispute and alter its decision that Defendant is entitled to the statutory offset as a matter of law.

-4-

proposition.  Moreover, the *Samora* opinion reveals that the state Supreme Court was "unpersuaded that any double offset occurred." *Samora*, 119 N.M. at 471.  The *Samora* decision has not been overruled and, in fact, continued to be cited with approval after the effective date of the new regulations.  *See Casias v. Dairyland Ins. Co.*, 126 N.M. 772 (Ct. App.), *cert. denied*, 127 N.M. 389 (1995); *Martinez v. Allstate Ins. Co.*, 124 N.M. 36, 39 (Ct. App.), *cert. denied*, 124 N.M. 226 (1997).

Finally, the Hootens unsuccessfully attempt to distinguish the *Samora* decision.  Although the *Samora* case involved a one-car accident, this is a distinction without import.  Here, as in *Samora,* more than one policy was implicated.  Similarly, the Class II insurer had taken a contractual offset and the Class I insurer was permitted to take the statutory offset.  Because the holding of *Samora* controls, Defendant Progressive is entitled as a matter of law to the statutory offset.

Wherefore,

IT IS ORDERED that Progressive's Motion for Summary Judgment on Issue of Statutory Offset of Liability Payments against Class I Uninsured/Underinsured Motorist Coverage *(Doc. 16)* be, and hereby is, **granted.**

                                    _____
                                    **UNITED STATES MAGISTRATE JUDGE**
                                    Presiding by Consent of the Parties